```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| HENRY LEE HUTCHINSON, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 07-5968 (JBS) |
| v. | |
| RAYMOND C. SKRADZINSKI & DR. DIAZ, | **MEMORANDUM OPINION** |
| Defendants. | |

**SIMANDLE**, District Judge:

    This matter is before the Court upon Plaintiff's motion for default judgment against Defendant Skradzinski [Docket Item 22] and Defendant Skradzinski's application to set aside the Clerk's entry of default [Docket Item 26]. THIS COURT FINDS AS FOLLOWS:

    1. Plaintiff Henry Lee Hutchinson, proceeding pro se, filed this action against Defendants Skradzinski and Diaz pursuant to 42 U.S.C. § 1983, alleging that Defendants failed to provide him with adequate medical care while he was imprisoned at Salem County Correctional Facility. In particular, Plaintiff alleges that Defendants refused to provide him with requested medical treatment for Plaintiff's Hepatitis C virus because providing such treatment would be too costly. See Durmer v. O'Carroll, 991 F.2d 64, 67 (3d Cir. 1993) ("In order to succeed in an action claiming inadequate medical treatment [in violation of the Eighth Amendment], a prisoner must show more than negligence; he must show deliberate indifference to a serious medical need.").

Pursuant to 28 U.S.C. § 1915(a) and (b), the Court entered an Order [Docket Item 2] granting Plaintiff permission to proceed <u>in forma pauperis</u>.[1]

2. The United States Marshal served a copy of the summons and Complaint upon Defendants Skradzinski and Diaz on May 8, 2008 [Docket Item 17]. By May 28, 2008, Defendants Skradzinski and Diaz had failed to serve their Answers to Plaintiff's Complaint within the twenty-day period prescribed by Rule 12(a)(1)(A)(i), Fed. R. Civ. P., and on June 3, 2008, Plaintiff filed a request for entry of default against Defendant Skradzinski[2] [Docket Item 19], which was entered on June 4, 2008.

3. On July 31, 2008, Plaintiff filed a motion for default judgment against Defendant Skradzinski [Docket Item 22]. Defendant Skradzinski filed an Answer and Crossclaim against Defendant Diaz on August 1, 2008 [Docket Item 21]. In his August 26, 2008 letter to the Court [Docket Item 26], Defendant Skradzinski moved the Court for permission to file his Answer out of time, a request which the Court construes as a motion to set aside the Clerk's entry of default.

---

[1] In addition, the Court dismissed with prejudice all claims against the Salem County Correctional Facility and S.C.C.F. Medical Department. (Docket Item 2 at 2.)

[2] No request for default against Defendant Diaz has been made in this case, and default against Defendant Diaz has not been entered.

4.  Under Rule 55(c), Fed. R. Civ. P., "the court may set aside an entry of default for good cause . . ."  In ruling on a Rule 55(c) motion, "a district court must consider (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense, that is, whether the defendant's allegations, if established at trial, would constitute a complete defense to the action; and (3) whether the default was the result of the defendant's culpable conduct."  <u>Dambach v. United States</u>, 211 Fed. Appx. 105, 109 (3d Cir. 2006) (citing <u>United States v. $55,518.05 in U.S. Currency</u>, 728 F.2d 192, 194 (3d Cir. 1984)).  As the Court of Appeals has consistently emphasized, "doubts should be resolved in favor of reaching a decision on the merits."  <u>Scarborough v. Eubanks</u>, 747 F.2d 871, 878 (3d Cir. 1984) (citation omitted).

5.  Applying these considerations to this case, the Court will grant Defendant Skradzinski's request to set aside the entry of default, and will deny Plaintiff's motion for default judgment.  First, there is no suggestion that Plaintiff would be prejudiced if Defendant Skradzinski were permitted to file his untimely answer.  Although Defendant Skradzinski's pleading was filed more than two months out of time, "[d]elay in realizing satisfaction on a claim rarely serves to establish the degree of prejudice sufficient to prevent the opening [of] a default [] entered at an early stage of the proceeding."  <u>Feliciano v.</u>

3

Reliant Tooling Co., 691 F.2d 653, 657 (3d Cir. 1982).  There is, moreover, no indication that Plaintiff would risk the "loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment to support a finding of prejudice."  Id.  In the absence of any showing of unfair prejudice, the Court concludes that the first factor weighs in favor of granting Mr. Skradzinski's application to set aside the entry of default.

    6.  The Court further finds that Defendant Skradzinski's "allegations, if established at trial, would constitute a complete defense to the action."  Dambach, 211 Fed. Appx. at 109.  Plaintiff's claims are brought pursuant to 42 U.S.C. § 1983, and it is well-settled that "[s]ection 1983 will not support a claim based on a respondeat superior theory of liability."  Polk County v. Dodson, 454 U.S. 312, 325 (1981).  Among the defenses advanced by Defendant Skradzinski is his argument that Plaintiff's injuries "were caused by a person or persons over whom . . . [Mr. Skradzinski] had no control."  (Ans. at 2.)  Because "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs," Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988), this defense, if proven at trial, would be meritorious.  The second Rule 55(c) factor thus weighs in Defendant Skradzinski's favor.

7.  Finally, there is nothing before the Court to suggest that "the default was the result of the defendant's culpable conduct." Dambach, 211 Fed. Appx. at 109. The delay in Mr. Skradzinski's filing was the fault of his attorney, not Mr. Skradzinski himself, which tips the third Rule 55(c) factor in Mr. Skradzinski's favor.

8.  With all three of these considerations weighing in favor of Defendant Skradzinski's application to set aside the entry of default, and in light of the strong presumption "in favor of reaching a decision on the merits," Scarborough, 747 F.2d at 878, the Court will grant Defendant Skradzinski's application and set aside the Clerk's entry of default. Having set aside the entry of default, and having thus determined that Defendant Skradzinski will be permitted to "plead or otherwise defend" in this action, Fed. R. Civ. P. 55(a), the Court will deny Plaintiff's motion for default judgment. The accompanying Order will be entered.

**March 6, 2009**                                              **s/ Jerome B. Simandle**
Date                                                              JEROME B. SIMANDLE
                                                                                United States District Judge