```
           IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| HENRY LEE HUTCHINSON, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 07-5968 (JBS) |
| v. | |
| RAYMOND C. SKRADZINSKI & DR. DIAZ, | **MEMORANDUM OPINION** |
| Defendants. | |

**SIMANDLE**, District Judge

This matter is before the Court upon three motions. Plaintiff moves for default judgment against Defendant Diaz [Docket Item 44]. Defendant Diaz opposes this motion and seeks to vacate the entry of default and to file an answer out of time [Docket Item 60 and 61]. Defendant Skradzinski moves for summary judgment [Docket Item 49], and Defendant Diaz seeks to join this motion [Docket Items 51 and 52]. Plaintiff did not file opposition to any of Defendants' motions. The Court finds as follows:

1. Plaintiff Henry Lee Hutchinson, proceeding without an attorney, filed this action against Defendants pursuant to 42 U.S.C. § 1983, alleging that Defendants failed to provide him with adequate medical care while he was imprisoned at Salem County Correctional Facility. In particular, Plaintiff alleges that Defendants refused to provide him with requested medical treatment for his Hepatitis C because providing such treatment

would be too costly.  The Court previously dismissed with prejudice all claims against the Salem County Correctional Facility and S.C.C.F. Medical Department.  [Docket Item 2.]

2.  When Defendants failed to answer the Complaint, Plaintiff requested default to be entered against Warden Skradzinski, and it was entered on June 4, 2008.  On July 31, 2008, Plaintiff filed a motion for default judgment against Warden Skradzinski [Docket Item 22].  Warden Skradzinski filed an Answer and Crossclaim against Dr. Diaz on August 1, 2008 [Docket Item 21].  On March 6, 2009, the Court granted Warden Skradzinski's request to set aside the entry of default, finding that there was no prejudice to Plaintiff, that Warden Skradzinski seemed to have a complete defense based on the lack of allegations regarding his personal participation in the conduct alleged, and that the delay was apparently not the party's fault but the fault of his attorney.  [Docket Item 30.]

3.  Plaintiff subsequently sought default judgment with respect to Dr. Diaz, which the Court construed as a motion to enter default.  [Docket Item 39.]  Default was entered against Dr. Diaz on September 24, 2009.  Plaintiff now moves to default judgment against Dr. Diaz.

4.  The record indicates that the deputy U.S. Marshal, who served process on behalf of Plaintiff pursuant to Rule 4(c)(3), Fed. R. Civ. P., served the lobby officer at the Salem County

Correctional Facility.  [Docket Item 17.]  Dr. Diaz certifies that he was not separately served at his home, his office in Mannington, NJ, or in person.  (Diaz Cert., Nov. 12, 2009, ¶ 5-7.)  Because no personal service was effected, nor was process sent to Dr. Diaz's home, and the Court has no reason to believe that this lobby officer is an agent authorized to receive service on Dr. Diaz's behalf, the Court finds that Plaintiff has not shown that he properly served Dr. Diaz under Federal Rule 4(e).  This is a sufficient basis upon which to vacate the entry of default, see Gold Kist, Inc. v. Laurinburg Oil Co., 756 F.2d 14, 19 (3d Cir. 1985), and therefore deny Plaintiff's motion for default judgment.[1]  Also for these reasons, Dr. Diaz's motion to file an answer out of time will be granted, and he will be permitted to join Warden Skradzinski's summary judgment motion.

    5.  Summary judgment is appropriate when the materials of record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c)(2).  Summary judgment will not be denied based on mere allegations or denials in the pleadings; instead, some evidence must be produced to support a material fact.  United States v. Premises Known as 717 S.

---

[1] Even if service had been effected properly, the entry of default would be vacated for much the same reasons as set forth at length with regard to Defendant Skradzinski.  [See Docket Item 30.]

3

Woodward Street, Allentown, Pa., 2 F.3d 529, 533 (3d Cir. 1993). Where the nonmoving party bears the burden of persuasion at trial, the moving party may be entitled to summary judgment merely by observing that there is an absence of evidence to support an essential element of the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).

6. Plaintiff's failure to respond to the motion does not automatically mean summary judgment is warranted. See Anchorage Assocs. v. Virgin Islands Bd. of Tax Review, 922 F.2d 168, 175 (3d Cir. 1990). The Court must still determine, even for an unopposed summary judgment motion, whether the motion sets out facts such that granting it is "appropriate," as required by Rule 56(e), Fed. R. Civ. P. Id. at 176. Failure to oppose the motion does mean, however, that the Court "will accept as true all material facts set forth by the moving party with appropriate record support." Id. at 175.

7. A claim of inadequate medical treatment in violation of the Eighth Amendment requires a prisoner to show deliberate indifference to a serious medical need. See Durmer v. O'Carroll, 991 F.2d 64, 67 (3d Cir. 1993). A showing of deliberate indifference requires that an "official acted or failed to act despite his knowledge of a substantial risk of serious harm." Farmer v. Brennan, 511 U.S. 825, 842 (1994). There is no allegation in the Amended Complaint, much less evidence in the

4

record, that Plaintiff's Hepatitis C required treatment or presented a risk of serious harm.  Moreover, even if there were such evidence, there is no evidence that either Defendant knew of this risk.  Warden Skradzinski's Statement of Facts indicates that he was advised that Plaintiff's condition was asymptomatic and required no treatment.  (Skradzinski Aff., ¶ 7.)  Dr. Diaz's certification in support of summary judgment indicates that initial examinations of Plaintiff revealed that further tests would be necessary to determine whether treatment for the Hepatitis was necessary and proper.  (Diaz Cert., Nov. 12, 2009, ¶ 7-9.)  Dr. Diaz avers that in his professional opinion, no treatment could have been afforded until Plaintiff's viral load was determined, and Plaintiff was transferred before this determination could be made.  (Id. ¶ 12.)  Defendants are therefore entitled to summary judgment.

8.  Because Plaintiff has not demonstrated that Dr. Diaz was properly served, the entry of default against him will be vacated, and the motion for default judgment denied.  Dr. Diaz's proposed answer shall be entered.  And because Plaintiff has failed to adduce the evidence necessary to support his claim, Defendants will be granted summary judgment.  The accompanying order will be entered.

| | |
|---|---|
| **June 3, 2010** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE |
| | United States District Judge |